**Sam T. HAMRA, M.D., Appellant,**

v.

**Susan M. GULDEN, Appellee.**

**No. 05–94–00172–CV.**

Court of Appeals of Texas,
Dallas.

May 2, 1995.

---

John H. Martin, Deborah G. Hankinson, D'Lesli M. Davis, Thompson & Knight, P.C., Dallas, for appellant.

Melvin J. Klein, Melvin J. Klein & Associates, Dallas, for appellee.

Before BAKER, DEVANY[1] and JAMES,[2] JJ.

1. Justice Devany, succeeding Justice Rosenberg effective January 1, 1995, has reviewed the recorded oral argument, the briefs, the motion for rehearing, and the response in this appeal.

2. Chief Justice McGarry substituted for Justice Joe B. Burnett upon submission of the appeal.

**18**

## OPINION ON REHEARING

BAKER, Justice.

We grant appellant's motion for rehearing. We withdraw our opinion and judgment of December 30, 1994. The following is now the opinion of this Court.

Sam T. Hamra, M.D., appeals the trial court's judgment awarding Susan Gulden her attorney's fees. Gulden sued Hamra for invasion of privacy, breach of an express warranty under the DTPA, and violations of the Medical Practices Act. Hamra contends the trial court erred in awarding Gulden her attorney's fees and not rendering a take-nothing judgment against Gulden. Hamra also contends the trial court erred in overruling his objections to the jury charge and in granting Gulden summary judgment on her Medical Practices Act claims. We conclude the trial court erred in awarding Gulden attorney's fees because Hamra's settlement credit was greater than the actual damages the jury awarded Gulden. Because this determination is dispositive of the appeal, we need not consider Hamra's other claims. We reverse the trial court's judgment. We render judgment that Gulden take nothing from Hamra.

## FACTUAL AND PROCEDURAL HISTORY

### A. Publication of Gulden's Picture

*Allure* magazine published an article about plastic surgeons. The article discussed Hamra and a face-lift procedure he developed. The article contains a picture of Hamra holding Gulden's photograph. The *Allure* picture shows Hamra removing Gulden's pre-operation photo from her medical folder. The picture reveals Gulden's identity. Although Hamra performed several plastic surgery procedures on Gulden, she did not undergo the face-lift procedure discussed in the article. Neither the article nor the photograph mentioned Gulden's name.

Justice Tom James, succeeding Justice Burnett, has reviewed the recorded oral argument, the

### B. The Litigation

Gulden sued Hamra and Condé Nast Publications, Inc., the *Allure* magazine publisher. Gulden settled with Condé Nast for $8,000. Hamra elected a dollar-for-dollar settlement credit and proceeded to trial. The trial court granted Gulden a partial summary judgment on Hamra's liability under the Medical Practices Act.

The trial court submitted the DTPA express warranty, invasion of privacy claims, and corresponding damage issues to the jury. The jury found for Gulden on her express warranty and invasion of privacy claims. The jury awarded Gulden $2500 in actual damages. The trial court awarded $5000 in additional damages under the DTPA and then granted the settlement credit of $8000 against the total damages the trial court awarded. Because of the credit, Gulden did not recover any actual damages against Hamra. The trial court then awarded Gulden, as a prevailing party under the DTPA, $30,000 attorney's fees and court costs.

## THE ATTORNEY'S FEES AWARD

In his second point of error, Hamra contends the trial court erred in awarding Gulden attorney's fees because she was not a prevailing party under the DTPA. Specifically, Hamra argues the trial court should have applied the Condé Nast settlement credit before determining whether Gulden should recover attorney's fees.

## APPLICABLE LAW

### A. DTPA Attorney's Fee

■ Under the DTPA, a consumer who "prevails" may recover the consumer's reasonable and necessary attorney's fees. *See* Tex.Bus. & Com.Code Ann. § 17.50(d) (Vernon 1987). To prevail under the DTPA, a plaintiff must prove the elements in section 17.50. The plaintiff must prove he is a consumer, the act complained of must be a producing cause of actual damages, and section 17.50(a) must prohibit the act. *See* Tex.Bus. & Com.Code Ann. § 17.50 (Vernon 1987); *Lochabay v. Southwestern Bell Media, Inc.,* 828 S.W.2d 167, 170 (Tex.App.—Austin 1992,

briefs, the motion for rehearing, and the response in this appeal.

no writ). Before a plaintiff can prevail under the DTPA, the plaintiff must incur actual damages. *See Bormaster v. Henderson,* 624 S.W.2d 655, 660 (Tex.App.—Houston [14th Dist.] 1981, no writ).

## B. Contribution

■ The original contribution statute, found in Chapter 32 of the Texas Civil Practice and Remedies Code, applies to DTPA suits. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 7 (Tex.1991). Once the jury fixes the non-settling defendant's liability, the court determines the credit for the settling defendant's settlement payment by either the dollar-for-dollar method or the pro-rata reduction method, whichever results in the greatest reduction. *See Stewart,* 822 S.W.2d at 9 n. 10.

## C. Offsets/Credits

■ A consumer may recover attorney's fees in a successful prosecution of a DTPA claim, though an opposing party's claim may entirely offset the consumer's claim. *See McKinley v. Drozd,* 685 S.W.2d 7, 9–10 (Tex. 1985); *see also Matthews v. Candlewood Builders, Inc.,* 685 S.W.2d 649, 650 (Tex. 1985) (per curiam). The attorney's fee awarded to a prevailing consumer is not based on the DTPA defendant's culpability, but on the need to provide an economic remedy for victims of specified types of deceptive activities. *See McKinley,* 685 S.W.2d at 10. To prevail under the DTPA means to prevail on the claim rather than to obtain a net recovery. *McKinley,* 685 S.W.2d at 9.

■ However, this rule does not apply in a case in which a consumer has already received payment of an amount equal to or greater than the damages found by the fact finder in the trial of the consumer's case against the non-settling defendant. *See Blizzard v. Nationwide Mut. Fire Ins. Co.,* 756 S.W.2d 801, 806 (Tex.App.—Dallas 1988, no writ). It is one thing to allow a party an attorney's fees award on a successful claim notwithstanding an opposing party's success on an offsetting claim. However, it is another to allow attorney's fees on a claim that, although successful, was paid in full before trial. *Blizzard,* 756 S.W.2d at 806.

## APPLICATION OF LAW TO THE FACTS

■ Gulden sued Hamra and Condé Nast Publications, the publisher of *Allure* magazine on several theories of liability. All theories of liability were against Hamra and Condé Nast jointly and severally for one act of negligence; that is, the publication of Hamra's pre-operation photo of her face in *Allure* magazine. Before trial, Gulden settled with Condé Nast for $8000. Hamra declined to settle and elected a dollar-for-dollar settlement credit and proceeded to trial. The trial court submitted the case to the jury, who found for Gulden on her DTPA and invasion of privacy claims. The jury awarded Gulden $2500 in actual damages from Hamra. The trial court awarded $5000 in additional damages. The trial court then granted Hamra a credit of $8000 against Gulden's actual and additional damages. Additionally, the trial court awarded Gulden, as a prevailing party under the DTPA, $30,000 in attorney's fees and court costs.

We disagree with the trial court's disposition of the DTPA attorney's fees award in this case. This is not a case of a consumer's recovery of actual damages that is entirely offset by an opposing party's competing claims. This is a case of one claim for damages against two parties jointly and severally liable for the same act. Hamra had a right to claim a dollar-for-dollar credit for the Condé Nast settlement against Gulden's recovery of actual damages against Hamra. Therefore, Gulden had to recover damages in excess of Condé Nast's settlement to "prevail" against Hamra. She did not do so. Accordingly, under *Blizzard,* she was not a prevailing party because she did not recover damages greater than the $8000 Condé Nast settlement. We sustain Hamra's second point of error.

## CONCLUSION

Our resolution of the issue in Hamra's second point of error is dispositive of this appeal. We need not consider Hamra's remaining points of error. We reverse the trial court's judgment because Gulden was

not a prevailing party under the DTPA. We render judgment that Gulden take nothing from Hamra.