**BUCCANEER HOMES OF ALABAMA, INC., Appellants,**

v.

**John PELIS and Pam Pelis, Appellees.**

No. 01–99–01168–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 15, 2001.

Steven M. Stricklin, John B. Wallace, Houston, for appellant.

Leeanna McKenzie, Spring, for appellee.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and BRISTER.

## OPINION

SCHNEIDER, Justice.

Appellant, Bucaneer Homes, manufactures mobile homes and sells them to various retailers. Appellees, John and Pam Pelis, purchased one of appellant's mobile homes from a retailer. Appellees found defects in their mobile home and sued appellant and the retailer for Deceptive Trade Practices Act (DTPA [1]) violations when the defects were not satisfactorily repaired. Appellees settled with the retailer and tried their DTPA causes of action against appellant to a jury, which awarded appellees $1,065 in economic damages and $85,000 in attorney's fees. On appeal, the manufacturer contends it is entitled to a settlement credit under the One Satisfaction Rule. We reverse and render.

### Factual and Procedural Background

Appellees purchased a new mobile home in August 1996 from Prestige Housing ("Retailer"). Appellees had several problems with the home when it was delivered, including a leak in the master bathroom, cracked siding, and broken cabinets. When Retailer refused to make the necessary repairs, appellees contacted Bucaneer Homes ("Manufacturer"). Manufacturer sent out a serviceman, but the repairs were not completed properly.

Appellees hired an attorney. They also hired a home inspector to specify all of the defects in the home, and used the inspec-

tor's list as the basis of their demands in a DTPA notice letter sent to Retailer and to Manufacturer. Manufacturer did not respond. Appellees became frustrated with all of the problems associated with the mobile home, and, after five months of payments on their note, they stopped making payments as required by their security agreement.

In February 1997, appellees sued Retailer and Manufacturer under the DTPA. Appellees hoped to recover mental anguish damages because Mrs. Pelis had been very upset by the problems with the mobile home. Appellees settled with Retailer, and proceeded to trial against Manufacturer. The jury found Manufacturer made no misrepresentations, and that Manufacturer did not engage in unconscionable conduct. Manufacturer was found liable for "failure to comply with a warranty." The jury awarded $1,065 for economic damages [2] and $85,000 for attorney's fees to appellees. No mental anguish damages were awarded.

On appeal, Manufacturer contends the trial court erred in entering a judgment for the appellees because their settlement with Retailer exceeded the amount of economic damages awarded by the jury. Manufacturer also argues that the award of attorney's fees was erroneous.

### Analysis

#### A. The One Satisfaction Rule

Manufacturer argues that, under the One Satisfaction Rule, appellees' settlement with Retailer for a value of $13,000 prevents recovery of the $1,065 jury award for economic damages.

---

1. *See* Chapter 17, Texas Business & Commerce Code (Vernon 2000).

2. The jury awarded $215 in out-of-pocket expenses for the home inspection and $850 in lost wages.

The pleadings indicate that appellees sued Manufacturer and Retailer for identical causes of action: unconscionability, violations of the DTPA laundry list, and breach of warranty. The record reflects that appellees settled their claims against Retailer. The settlement agreement indicates that appellees agreed to release Retailer from all liability in connection with the mobile home. The settlement agreement was a "full settlement and discharge of all claims which or might have been the subject of the allegations in the Petition" filed against Retailer. In exchange, Retailer agreed to: 1) take back the mobile home; 2) assume and satisfy all of appellee's obligations under the security agreement; and 3) bear all costs associated with moving the mobile home. Retailer took back the mobile home and paid the balance due on the note, the late fees, and the property taxes. Retailer made some repairs and then resold the mobile home.

■ A party seeking a settlement credit has the burden to prove its right to such a credit. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex.1998). The only evidence of the value of this settlement agreement is an affidavit by Retailer stating that, "based on my calculation, the cost and value of the settlement ... was an amount in excess of $13,000 to the benefit of the Pelises." This affidavit remains unchallenged on appeal. Accordingly, the Court accepts it as true. By placing a copy of the affidavit and the settlement agreement in the record, Manufacturer's burden has been met.

■■ The One Satisfaction Rule prohibits a plaintiff from recovering twice for a single injury. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390–91 (Tex.2000) (limiting plaintiffs to a single recovery for a single injury, even if different theories of liability are alleged). Appellees argue that the damages they sought and obtained at trial against Manufacturer (lost wages and home inspection costs) were different from those compensated by the settlement with Retailer. Once Manufacturer showed that it was entitled to a credit for any settlement amount representing joint damages, it was appellees' burden to offer evidence allocating the settlement between: (1) damages for which Manufacturer and Retailer were jointly liable, and (2) damages for which only Manufacturer was liable. *See Crown Life Ins. Co.*, 22 S.W.3d at 392. Appellees have not shown why Retailer was not jointly liable for these damages, or otherwise allocated the settlement between the two defendants. Thus, Manufacturer is entitled to a settlement credit under the One Satisfaction Rule.

When the independent actions of two or more parties cause harm, there has been some confusion surrounding the treatment of an injured party's rights of recovery with regard to the One Satisfaction Rule. Historically, under English law, each tortfeasor was liable for the entire damage that resulted, notwithstanding the fact that a tortfeasor's actions combined with those of another to produce the injury or harm. *See* Christopher T. Moore, *Torts:* Kirkpatrick v. Chrysler Corp.—*Are You Satisfied? Oklahoma's Rigid Application of the One Satisfaction Rule is Not so Rigid Anymore*, 50 OKLA. L.REV. 601, 602–03 (1997) (citing William L. Prosser, *Joint Torts and Several Liability*, 25 Cal. L.Rev. 413, 420 (1937)). Therefore, "if the injured party recovered a judgment, although unsatisfied, the party's claim was said to have merged in the judgment, precluding the initiation of action against other potential tortfeasors." *Id.* In essence, a plaintiff could recover only one judgment on a joint tort. Another historical English rule permitted an injured party to recover "only one compensation for her loss, and satis-

faction of a claim would preclude further legal actions." *Id.*

American common law combined these two rules and created the "One Satisfaction Rule." *See id.* Historically, the rule stood for the proposition that a satisfied judgment against one tortfeasor would bar any subsequent actions against other tortfeasors. *See id.* Without considering the sufficiency of the compensation received by the plaintiff, American courts have barred subsequent suits because of a release or an accord and satisfaction. *See id.*

In Texas jurisprudence, the Texas Supreme Court first analyzed the appropriateness of a settlement offset under the One Satisfaction Rule in *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703, 705 (Tex.Com.App.1935) (limiting an injured party to a single satisfaction for one injury, whether or not there was more than one wrongdoer who contributed to the injury). In *Bradshaw*, a plaintiff riding a Baylor University bus was injured when the bus collided with a train. He settled with the railroad company, and the court refused to let the suit against Baylor University continue because the prior settlement satisfied the amount found to be the plaintiff's total injury. *See id.*

The Court modified the manner in which the One Satisfaction Rule applied in product liability suits in 1984 with *Duncan v. Cessna Aircraft Co. See* 665 S.W.2d 414, 429, 434 (Tex.1984) (outlining the common law contribution scheme based on comparative causation as applied to products cases involving strict liability, breach of warranty, and mixed theories of strict liability and negligence tried after July 13, 1983). The One Satisfaction Rule, as first discussed in *Bradshaw*, was endorsed again in *Stewart Title Guaranty Co. v. Sterling. See* 822 S.W.2d 1, 5 (Tex.1991) (applying the *Bradshaw* One Satisfaction

Rule to cases not covered by a comparative causation scheme). Since then, the rule has been widely applied.

 The current One Satisfaction Rule is designed to prevent a windfall to the plaintiff, and dictates that when a plaintiff files a suit against multiple defendants for a single injury, any settlements will be credited against the amount for which non-settling defendants are found liable. *See First Title of Waco v. Garrett*, 860 S.W.2d 74, 78 (Tex.1993). The One Satisfaction Rule applies when multiple defendants commit the same act, as well as when defendants commit technically different acts that result in a single injury. *See Crown Life Ins. Co.*, 22 S.W.3d at 390–91, *Swink v. Alesi*, 999 S.W.2d 107, 111 (Tex. App.—Houston [14th Dist.] 1999, no pet.). If there is only one injury, even if it is based on several overlapping and varied theories of liability, a plaintiff will be permitted only one recovery. *See Household Credit Services, Inc. v. Driscol*, 989 S.W.2d 72, 80 (Tex.App.—El Paso 1998, pet. denied). This is especially true if the evidence supporting each cause of action is the same. *See id.*

 In this case, although Retailer and Manufacturer may have committed technically different acts, appellees incurred only a single financial injury-a defective mobile home. Appellees attempted to tie mental anguish to the problems with the home, but the jury did not award any mental anguish damages. The same core evidence that was used against Manufacturer could have been used against Retailer. Thus, the damaged mobile home was the sole, indivisible injury. When appellees entered into a "full settlement and discharge of all claims" with Retailer, it triggered the One Satisfaction Rule. The non-settling defendant is entitled to offset any liability for joint and several damages by the amount paid by the settling defen-

dant. *See Crown Life Ins. Co.,* 22 S.W.3d at 391–92; *Roberts v. Grande,* 868 S.W.2d 956, 959 (Tex.App.—Houston [14th Dist.] 1994, no writ).

We find that Manufacturer is entitled to a settlement credit of $13,000. The jury awarded appellees only $1065 plus attorney's fees. After applying the credit, the appellees are left with no recovery for economic damages.

Based on our holding regarding this issue, it is unnecessary that we consider Manufacturer's other issues regarding economic damages, and we decline to do so. We sustain appellant's third point of error, and reverse the trial court's judgment to reflect that appellees take nothing on their claims for economic damages.

*2. Attorney's Fees*

 Manufacturer challenges the award of $85,000 in attorney's fees on the grounds that the award was improper because attorney's fees are not recoverable without an economic damage recovery.

Consumers may recover attorney's fees as a prevailing party in a successful prosecution of a DTPA claim when an opposing party's counterclaim recovery offsets the consumer's recovery. *See McKinley v. Drozd,* 685 S.W.2d 7, 9–10 (Tex.1985). However, this rule does not apply in a case in which a consumer has already settled for an amount greater than the damages found by the jury in the trial against the non-settling defendant. *See Hamra v. Gulden,* 898 S.W.2d 16, 19 (Tex.App.—Dallas 1995, writ dism'd w.o.j.). "It is one thing to allow an attorney's fees award on a successful claim notwithstanding an opposing party's success on an offsetting claim. However, it is another to allow attorney's fees on a claim that, although successful, was paid in full before trial." *Id.* Because appellees' damages were paid in full under the pre-trial settlement agreement with the retailer, they may not recover attorneys fees. *See id.* Although appellees won a jury verdict in the trial court, the One Satisfaction Rule bars them from recovering economic damages, and thus, they can not recover attorney's fees.

### Conclusion

We sustain the point of error, reverse the judgment of the trial court, and render judgment that appellees take nothing.