Rodger SWINK, Appellant,

v.

Joe ALESI and David Behrend,
Appellees.

No. 14–98–00105–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 29, 1999.

Rehearing Overruled Aug. 26, 1999.

Gus E. Pappas, Christopher A. Gregg, Houston, for appellants.

Frank G. Vlahakos, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and WITTIG.

## OPINION

MAURICE E. AMIDEI, Justice.

Rodger Swink (Swink) appeals from a judgment for appellees' attorney's fees entered by the trial court on a motion to disregard jury findings. Appellees sued Swink for breach of a contract to sell a business. Swink counter-claimed for breach of the same contract, fraud, conversion, slander, and attorney's fees. In two issues, Swink contends the trial court erred: (1) in awarding appellees their attorney's fees upon their motion to disregard the jury's finding of zero attorney's fees; and (2) requiring appellant to elect between taking his damage award for breach of contract or his damage award for fraud. We reverse the judgment of the trial court, in the part that awarded appellees their attorney's fees, and render judgment that appellees take nothing. The judgment of the trial court is modified to add attorney fees through this appeal. In all other respects, the judgment of the trial court is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

On November 28, 1990, Swink and appellees entered into a written contract whereby appellees agreed to transfer ownership of a foam business located in appellees' warehouse in exchange for Swink's agreement to allow appellees the use of a 630 square foot space in the southwest corner of the same warehouse. "Custom Foam" was a business that sold various sizes of cushioning foam used in sofas, mattresses, and packaging. As part of the agreement, appellees agreed to transfer ownership of all existing accounts and some office equipment to Swink for his agreement to allow appellees the use of the warehouse space for five years commencing October 1, 1990. Also, appellees agreed to refer all foam sales to Swink. On March 16, 1993, Swink evicted appellees, and appellees sued for the value of the remaining 30 months due to them on the contract plus attorney's fees under section 38.001, Texas Civil Practice and Remedies Code. Swink counter-claimed for appellees' breach of the same contract alleging appellees were still selling his foam and keeping the sales proceeds. Swink also counter-claimed for slander, conversion, fraud, and attorney's fees.

The jury found both Swink and appellees failed to comply with the agreement. The jury awarded appellees zero damages and zero attorney's fees. The jury awarded Swink $1,500.00 for appellees' failure to comply with the contract, plus $1,000.00 damages for fraud committed by appellees. The jury also found zero damages for Swink's slander claim, and awarded Swink $400.00 on his conversion claim, plus $24,000.00 attorney's fees for trial preparation, with additional fees for appeals.

Appellees filed a motion to disregard the jury's finding of zero attorney's fees in Question 3 on the ground that there was no evidence to support such a finding.

Appellees also contested the jury's findings of their breach of the contract with Swink, their slander of Swink, and Swink's attorney's fees. The trial court granted appellees' motion to disregard only as to the attorney's fee finding (question 3), and denied the remainder of the motion. The trial court rendered judgment for appellees for $35,710.00 in attorney's fees. The trial court rendered judgment for Swink as follows:

1. $1,500.00 — Breach of Contract Damages
2. 24,000.00 — Attorney's fees (plus $17,500.00 fees for appeals)
3. 400.00 — Conversion claim

$25,900.00  Total

The jury had also awarded Swink $1,000.00 for his fraud claim, and the trial court advised Swink he would have to elect between taking his contract damages or the fraud claim because his fraud claim arose out of his contract claim. Swink elected to take the award for his contract claim ($1,500.00 for breach contract plus attorney's fees).

## II. AWARD OF APPELLEE'S ATTORNEY FEES.

In issue one, appellant contends the trial court erred in awarding appellees' attorney's fees. He argues the trial court committed five errors by entering this judgment:(1) the trial court erred by disregarding the jury's zero finding of attorney's fees for appellees; (2) the trial court erred in failing to exclude testimony of appellees' expert on attorney's fees; (3) the trial court erred in making and substituting its fact finding to question 3; (4) the trial court failed to segregate appellees' attorney's fees; and (5) the trial court erred by failing to disregard jury's finding that Swink breached the contract.

Under subpoint one, appellant argues that to recover attorney's fees under section 38.001, Texas Civil Practice and Remedies Code, appellees were required to recover damages. Although the jury found that Swink failed to comply with the contract, the jury found appellees had zero damages. Accordingly, appellant argues that appellees did not "prevail" and were not entitled to attorney's fees as a matter of law under the holding in *Green International, Inc. v. Solis*, 951 S.W.2d 384 (Tex. 1997).

Appellees argue that *Green* does not apply to this case because the Supreme Court did not discuss whether the contract contained an attorney's fees clause. In *Green*, the jury found that Solis failed to comply with Green's building contract, but awarded zero damages to Green. *Green*, 951 S.W.2d at 390. The *Green* opinion is silent with respect to whether Green's contract had a provision for attorney's fees in the event of a breach. The supreme court held that because Green failed to recover damages on his breach of contract claim, he was not entitled to recover attorney's fees under section 38.001, Texas Civil Practice and Remedies Code. *Id.* The supreme court stated the general rule under section 38.001(8): "[t]o recover attorney's fees under section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Id.*

Appellees argue that a finding of zero damages and zero attorney fees does not bar a recovery of attorney fees because the jury found that Swink failed to comply with the agreement. Therefore, appellees contend they "prevailed" and cite *El Paso Healthcare v. Piping Rock Corp.*, 939 S.W.2d 695, 702 (Tex.App.—El Paso 1997, writ denied) and *Atlantic Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 449 (Tex. App.—Texarkana 1993, writ denied) as authority. In *El Paso Healthcare*, 939 S.W.2d at 702 (*EPHS*), the court of appeals held that the jury's finding of zero damages on a contract claim did not preclude an award of stipulated attorney's fees made contingent upon a jury verdict. In that case, the parties stipulated on the record that Piping Rock incurred $195,000 in reasonable attorney's fees and EPHS incurred $295,000 in reasonable attorney's fees. By stipulation, the parties agreed that the recovery of such attorney's fees

was reserved for decision by the trial court based upon the jury verdict. The jury found that Piping Rock breached the agreement, and evidence supported the finding. The court of appeals held: "[I]n light of the parties' *stipulation* and the jury finding of an unexcused breach, we find that EPHS was entitled to attorney's fees...." *Id.* We find *EPHS* is factually dissimilar to this case and is not applicable. In this case, there was no stipulation by the parties as to the amount of fees to be awarded at the court's discretion based on the jury verdict.

In *Atlantic Richfield Co. (ARCO)*, 860 S.W.2d at 449–50, ARCO argued that it was entitled to recover its attorney's fees under section 38.001, Texas Civil Practice and Remedies Code, from Long Trusts under the terms of the joint operating agreements between the parties because it won that portion of the lawsuit involving drilling costs due from Long Trusts. *Id.* at 449. The jury had returned a zero finding to ARCO's damage issue. *Id.* at 450. During the pendency of the lawsuit, ARCO was able to recoup most of the drilling costs by applying the proceeds from the sale of Long Trusts' share of the gas produced to the drilling costs, and these amounts that had been applied were undisputed. *Id.* at 450. The jury found that Long Trusts had breached the joint operating agreements by failing to pay ARCO in accordance with those agreements. *Id.* The court of appeals found that ARCO was entitled to attorney's fees "based upon the litigation of this portion of the suit," and thus, ARCO "prevailed under the terms of the contract." *Id.* We find that *ARCO* is factually dissimilar to this case and does not apply because appellees had not received any payments on their claim during the litigation of this suit.

▮ Appellees further contend the contract contained an indemnity clause giving it a contractual basis to recover attorney fees. The contract contained an indemnity clause whereby both parties mutually agreed to indemnify the each other for any

expense arising out of use of the property, as follows:

> Both parties shall indemnify and hold each other harmless against any action, claim, liability, or expense arising out of each parties use of said property.

Appellees did not specifically plead this portion of the contract in their second amended petition, and pleaded only *statutory* recovery under section 38.001, Texas Civil Practice and Remedies Code. No jury issue was submitted on contractual recovery and none was requested, and no objection was made to the jury charge on these grounds. In its motion to disregard the findings of the jury, appellant did not ask the trial court to disregard the jury's finding of zero damages for Swink's breach of the contract, and grant a new trial on this issue. Appellees did not contend they had a contractual right to recover attorney's fees under the indemnity provision in the contract. Appellees contend for the first time on appeal, that they had a contractual right to recover on the indemnity clause in the contract. By failing to present this theory to the trial court, appellees have waived error on appeal on this issue. TEX. R.APP. P. 33.1(a) & 38.1(e),(h); *First Financial Dev. Corp. v. Hughston*, 797 S.W.2d 286, 295 (Tex.App.—Corpus Christi 1990, writ denied). Because appellees failed to recover damages in their suit on a breach of contract under section 38.001, Texas Civil Practice and Remedies Code, they were not entitled to attorney's fees. *Green*, 951 S.W.2d at 390. Our finding is dispositive, and we need not address the rest of the subpoints under issue one of appellant's brief concerning appellees' attorney's fees. We sustain the contentions raised by appellant under subpoint one, that the trial court erred in granting appellees' motion to disregard the jury finding of zero attorney's fees for appellees. We reverse the judgment of the trial court, in the part that awarded appellees attorney's fees, and render judgment that appellees take nothing.

Accordingly, we overrule appellees' conditional cross-points one and two contending appellees had established entitlement to attorneys' fees as a matter of law, and the jury's zero fact finding on appellees' attorney fees was against the great weight and preponderance of the evidence.

## III. ELECTION OF REMEDIES.

■ In issue two, appellant contends the trial court erred when it required appellant to elect between the damages awarded by the jury for his breach of contract claim or damages awarded for his fraud claim. Appellant was awarded $1,500.00 for his breach of contract damages and $24,000.00 attorney fees for trial preparation, plus appellate fees. Appellant was also awarded $1,000.00 for his fraud claim. Swink contends that appellees represented that the foam business would clear $800.00 per month to induce him to buy the building. Swink contends this inducement was not in the written contract, and was fraud independent of the contract. Swink argued to the jury that he lost $19,000.00 in the foam business plus the $800.00 per month promised, which came to $38,000.00 for the 48 months Swink owned the business. Swink asked the jury to award him this $57,-000.00 in damages for appellees' breach of the lease. He then asked the jury to award him a like amount of $57,000.00 because of appellees' fraud. The jury awarded Swink $1,500.00 for the breach of the contract and $1,000.00 for the fraud. This is a prohibited double recovery of damages for the same injury and the trial court did not err in requiring appellant to make an election of remedies. *Waite Hill Services, Inc. v. World Class Metal Works, Inc.,* 959 S.W.2d 182, 184–85 (Tex.1998). "Appellate courts have applied the one satisfaction rule when the defendants commit the same act as well as when the defendants commit technically differing acts which result in a single injury." *Id.* at 185. Swink was injured when he suffered losses of $19,000.00 plus $38,000.00 in the monthly payments on the mortgage which appellees promised he would make when he bought the business. Swink offered no evidence of any distinct losses due to the fraud. He asked the jury to award him these *same* amounts for the contract breach and for the fraud, without distinguishing contract losses from fraud damages. We overrule Swink's contentions in issue two that the trial court erred in requiring him to elect to take his contract or fraud damages.

Because we have overruled Swink's contention of trial court error in requiring him to elect contract or fraud damages, we need not address appellees' cross-point three regarding their claim of factual insufficiency of the evidence to support the jury's finding of fraud. Appellees' cross-point three was conditioned upon our finding that the trial court erred in requiring Swink to elect, and we have affirmed the trial court's ruling as to this requirement of an election of remedies. Accordingly, we overrule appellees' cross-point three.

## IV. APPELLEES' CONDITIONAL CROSS–POINTS.

We have considered and overruled appellees' cross-points one and two concerning appellees' entitlement to attorney's fees under our discussion under issue one concerning these fees. We have considered and overruled appellees' cross-point three claiming factually insufficient evidence to support the jury's finding on question number 6 under section III, above.

■ In cross-point four, appellees contend there was factually insufficient evidence to support the jury's findings in question 2 for zero damages for appellees on Swink's breach of the contract. When judgment n.o.v. is granted, the appellee may bring forward by cross-point any ground, including factual sufficiency, which would have vitiated the verdict or prevented an affirmance of the judgment. TEX.R. CIV. P..324(c); TEX.R.APP. P. 38.2(b). *Kenneco Energy v. Johnson & Higgins,* 921

S.W.2d 254, 263–64 (Tex.App.—Houston[1st Dist.] 1995), *rev'd on other grounds*, 962 S.W.2d 507 (Tex.1998); *Winograd v. Clear Lake City Water Auth.*, 811 S.W.2d 147, 159 (Tex.App.—Houston[1st Dist.] 1991, writ denied). The purpose of these rules is to require a final disposition of the case by the appellate court, where a judgment notwithstanding the verdict is erroneously rendered by the trial court, on the basis of the record before it, and to order a remand only as to questions that require the taking of additional evidence, such as jury misconduct. *Jackson v. Ewton*, 411 S.W.2d 715, 718 (Tex.1967). In considering a complaint of factual sufficiency, the reviewing court must consider and weigh all evidence and may set aside the verdict only if the findings are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Kenneco Energy*, 921 S.W.2d at 264.

The contract provided that appellees were to receive 630 square feet of space in the warehouse for a period of five years. Appellees alleged that Swink told them they would have to leave or pay him $1,000.00 a month when appellees had 30 months left coming to them. The contract further provided that if Swink "sells or leases said building, the remaining months shall be calculated at" $250.00 per month payable to appellees. Appellees contended that their damages were the value of the use of the space for the 30 months left on the contract, and alleged $1,000.00 a month as damages. Mr. Behrend testified that when his business moved out of the warehouse, they did not "physically pay rent" for their new location, and any rent for their new location was an accounting transaction according to their CPA. Mr. Behrend could not produce any documents showing how much he lost as a result of the water being turned off, or the damages to their sign. Mr. Behrend testified that his attorneys calculated the $1,000.00 a month damages figure and he personally did not know what the damages actually

were. Neither Mr. Behrend nor Mr. Alesi testified as to any money lost as a result of being evicted. Appellees' expert, Ken Pratt, testified that the rental value of the 630 square feet was about $185.00 to $215.00 per month, but there was no testimony from appellees that they lost any money by the eviction.

■ Appellees argument goes to the weight of the evidence and credibility of the witnesses. The jury could choose to believe all of the testimony, some of it, or none of it. The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Roy v. Howard–Glendale Funeral Home*, 820 S.W.2d 844, 849 (Tex.App.—Houston[1st Dist.] 1991, writ denied). This Court may not substitute its opinion for that of the trier of fact merely because it might have reached a different fact conclusion. *Id.* We cannot say that a the jury's finding of no damages for appellees for Swink's breach of the contract is against the great weight and preponderance of the evidence. We overrule appellees' conditional cross-point of error number four.

## IV. CONCLUSION.

We reverse that part of the judgment of the trial court awarding appellees attorney's fees in the sum of $35,710.00, and render judgment that appellees take nothing. We modify the trial court's judgment to add Rodger Swink's attorney's fees awarded for the prosecution of this appeal, as follows: Rodger Swink shall recover $24,000.00 attorney fees awarded for trial preparation plus $7,500.00 for the prosecution of this appeal, and costs as allowed by law. In all other respects, the judgment of the trial court is affirmed.