Reversed and Remanded and Majority and Dissenting Opinions filed July
28, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00718-CV

___________________

 

Deborah Downing, Appellant/Cross-Appellee

 

V.

 

Don Burns and Sherry Burns,
Appellees/Cross-Appellants



 



 

On
Appeal from the 268th District Court

Fort Bend County,
Texas



Trial Court Cause No. 07-DCV-154732

 



 

 

DISSENTING OPINION

            There
is no legally sufficient evidence to show that the plaintiff sustained any defamation
damages under the unobjected-to jury charge. Therefore, the trial court
properly granted judgment notwithstanding the verdict on the defamation claim. 
Contrary to binding precedent, this court finds error in the trial court’s
ruling based upon a legal theory not submitted in the jury charge, and this
court remands the defamation claim for a new trial.  This court should affirm
the trial court’s judgment notwithstanding the verdict on the defamation claim.

I.  The trial court correctly granted judgment notwithstanding the
verdict on the defamation claim because there is no legally sufficient evidence
that Downing sustained any defamation damages under the damages question submitted
to the jury.

            In her sole issue as appellant,
appellant/cross-appellee Deborah Downing asserts that the trial court erred in
granting judgment notwithstanding the verdict (hereinafter “JNOV”) as to
Downing’s defamation claim.  Downing requests that this court reverse this JNOV
and render judgment on the jury’s verdict awarding her $42,770 in defamation
damages.  In their motion for JNOV, appellees/cross-appellants Don and Sherry
Burns asserted that the evidence is legally insufficient to support the jury’s
answer to Question 4 regarding defamation damages.  The trial court agreed and
rendered a take-nothing judgment, notwithstanding the jury’s verdict, as to the
defamation claim.  

A.        This court must review the sufficiency of the evidence
of defamation damages under the question submitted to the jury.

            It is significantly easier to recover
damages based upon defamation per se than upon defamation per quod. 
See Exxon Mobil Corp. v. Hines, 252 S.W.3d 496, 501 (Tex. App.—Houston
[14th Dist.] 2008, pet. denied).  Under a defamation per se theory,
damage to reputation and mental anguish are presumed to have been caused by the
defamatory statements; therefore, under defamation per se, the plaintiff
can recover damages for mental anguish and for injury to reputation without any
evidence that the plaintiff suffered such damages or that such damages were
caused by the defamatory statements.  See id.  Under a defamation per
quod theory, the plaintiff has the burden of proving that the defamatory
statements caused all damages sought, as well as the amount of these damages.  See
id. at 501, 504–05.  But, to obtain the advantages of defamation per se,
the trial court must submit this theory in the jury charge.  See id.        

            In the case under review, Downing did not
assert in her petition that the Burnses’ statements were defamatory per se.[1] At no time before the
jury’s verdict did Downing assert that, as a matter of law, any statement was
defamatory per se or that there was a fact issue as to whether any
statement was defamatory per se.  Prior to the charge being submitted to
the jury, Downing did not request that the jury be charged on whether any
statement was defamatory per se, and the jury was not charged on this
issue.  If a statement is defamatory per se, the jury assesses mental
anguish damages and damages for injury to reputation without any requirement of
evidence that the plaintiff suffered such damages or that such damages were
caused by the defamatory statements.  See id.  In the jury charge in the
case under review, the trial court, without objection, asked the jury to find
the sum of money, if any, that would compensate Downing for her damages, if
any, that were proximately caused by the defamatory statements found by the
jury.  Under the jury charge, these damages were not presumed and had to be
proved by a preponderance of evidence.  In his closing arguments, Downing’s
counsel told the jury that there was no evidence that Downing suffered any mental
anguish and that the jury should assess damages for defamation based only upon
Downing’s alleged temporary loss of income as a result of Christine Fuentes’s termination
of Downing’s employment.  Nominal damages are also available in cases of
defamation per se, but Downing has not requested or obtained any award
of nominal damages either in the trial court or on appeal.  

To the extent Downing could
have taken advantage of the benefits of defamation per se, she failed to
do so, and this court must review the sufficiency of the evidence to support
the jury’s finding of defamation damages under the charge given to the jury,
even if the charge did not correctly state Texas law.[2]  See Osterberg
v. Peca, 12 S.W.3d 31, 55 (Tex. 2000) (holding that appellate court could
not review the sufficiency of the evidence based on a particular legal standard
because that standard was not submitted to the jury and no party objected to
the charge on this ground or requested that the jury be charged using this
standard); Hines, 252 S.W.3d at 501–05 (reviewing defamation damages
under defamation per quod charge submitted to the jury and requiring
proof of damages caused by the allegedly defamatory statements); Hirschfeld
Steel Co. v. Kellogg Brown & Root, Inc., 201 S.W.3d 272, 283B86 (Tex. App.—Houston [14th
Dist.] 2006, no. pet.) (reviewing sufficiency of evidence based on
unobjected-to jury instruction and rejecting various arguments based on
different legal standards).

            The majority’s sole basis for reversing
the trial court’s JNOV is that some of the statements were defamatory per se
and therefore Downing could have been awarded $42,770 as presumed damages under
a defamation per se theory.  See ante at pp. 11–14.  But this
court should not inquire into what findings the jury could have made; instead,
this court must review the sufficiency of the evidence to support the finding
that the jury actually made.  See Osterberg, 12 S.W.3d at 55; Hines,
252 S.W.3d at 501–05; Hirschfeld Steel Co., 201 S.W.3d at 283–86.  This
finding was under a defamation per quod theory, under which Downing had
the burden to prove that the defamatory statements proximately caused the
damages found by the jury.  This court cannot reverse the trial court’s JNOV
unless it concludes that the evidence is legally sufficient to support a
finding of some damage under this question.[3] 


B.        Under the question submitted to the jury, the evidence
is legally insufficient to prove that  Downing sustained any defamation
damages. 

            The trial court instructed the jury to
answer the following question regarding defamation damages if the jury answered
“yes” to the defamation liability question:

 

Question No. 4

            What sum of
money, if any, if paid now in cash, would fairly and reasonably compensate
Deborah Downing for her damages, if any, proximately caused by Don Burns/Sherry
Burns defaming [sic] her?

            “Proximate Cause” means
that cause which, in a natural and continuous sequence, produces an event, and
without which cause such event would not have occurred.  In order to be a
proximate cause, the act or omission complained of must be such that a person
using the degree of care required of him would have reasonably foreseen that
the event, or some similar event, might reasonably result therefrom.  There may
be more than one proximate cause of an event.

            Consider the following
elements of damages, if any, and none other.

            Do not add any amount
for interest on damages, if any.

            Answer in dollars and
cents for damages, if any that were sustained in the past[.]

In response to this question, the jury found that
Downing had proved by a preponderance of the evidence $42,770 in damages.  The
trial court concluded that the evidence at trial is legally insufficient to
support this finding.  When reviewing the legal sufficiency of the evidence,
this court considers the evidence in the light most favorable to the challenged
finding and indulges every reasonable inference that would support it.  City
of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005).  This court must
credit favorable evidence if a reasonable factfinder could and disregard
contrary evidence unless a reasonable factfinder could not.  See id. at
827.  This court must determine whether the evidence at trial would enable
reasonable and fair-minded people to find that the Burnses’ defamatory
statements proximately caused Downing damage.  See id.  The jury is the
only judge of witness credibility and the weight to give to testimony.  See
id. at 819.

1.         The evidence is legally insufficient to support a finding
that the defamatory statements proximately caused Downing mental anguish.

 

            In his closing argument, Downing’s
counsel correctly told the jury that “I didn’t put on one shred of testimony
about mental anguish.”  Considering the evidence in the light most favorable to
the challenged finding, indulging every reasonable inference that would support
it, crediting favorable evidence if a reasonable factfinder could, and
disregarding contrary evidence unless a reasonable factfinder could not, the
evidence at trial would not enable reasonable and fair-minded people to find
that the Burnses’ defamatory statements proximately caused Downing mental
anguish.  See Service Corp. Intern. v. Guerra, No. 09-0941,
—S.W.3d—, 2011 WL 2420208, at *7 (Tex. June
17, 2011) (holding evidence legally insufficient to support award of mental
anguish damages); Hines, 252 S.W.3d at 504–07 (holding evidence was
legally insufficient to support jury’s finding that allegedly defamatory
statements caused mental anguish damages).

2.         The evidence is legally insufficient to support a finding
that the defamatory statements proximately caused Downing damage to her
reputation.

 

            Downing does not cite to any trial
evidence that she claims raises a fact issue as to whether the Burnses’
statements proximately caused damage to her reputation.  A review of the record
reveals none.  Downing did not testify that these statements caused damage to
her reputation.  Fuentes testified that she terminated Downing’s employment
based upon the Burnses’ threat to sue anyone who hired Downing, but Fuentes
also stated that she did not believe the statements that Downing had committed
theft.  There is no evidence that Downing’s other employer (Sima Dalvandi) was
aware of the defamatory statements.  Eulalia Castillo (Downing’s former
co-worker) testified that Don Burns told her that Downing had stolen his
clients’ option checks but that she (Castillo) did not believe this statement.
Considering the evidence in the light most favorable to the challenged finding,
indulging every reasonable inference that would support it, crediting favorable
evidence if a reasonable factfinder could, and disregarding contrary evidence
unless a reasonable factfinder could not, the evidence at trial would not
enable reasonable and fair-minded people to find that the Burnses’ defamatory
statements proximately caused damage to Downing’s reputation.  See Hines,
252 S.W.3d at 504–07 (holding evidence was legally insufficient to support
jury’s finding that allegedly defamatory statements caused damage to
plaintiffs’ reputations).

3.         The evidence is legally insufficient to support a finding
that the defamatory statements proximately caused Downing any loss of income. 

            The only damages that Downing sought from
the jury were economic damages based on temporary lost income resulting from
Fuentes’s termination of Downing’s employment.[4] 
But Fuentes testified that she did not believe the statements that Downing had
committed theft and that she terminated Downing’s employment because of the
Burnses’ threat to sue anyone who hired Downing.  Considering the evidence in
the light most favorable to the challenged finding, indulging every reasonable
inference that would support it, crediting favorable evidence if a reasonable
factfinder could, and disregarding contrary evidence unless a reasonable
factfinder could not, the evidence at trial would not enable reasonable and
fair-minded people to find that the Burnses’ defamatory statements proximately
caused Downing any lost income.  See Hines, 252 S.W.3d at 504–07
(holding evidence was legally insufficient to support jury’s finding that
allegedly defamatory statements caused plaintiffs economic damage).  Therefore,
while the evidence is sufficient to support a finding that the Burnses’ tortious
interference proximately caused Downing damage, there is no legally sufficient evidence
to support a finding that any of Downing’s lost income or other economic damage
was proximately caused by the Burnses’ defamatory statements.

            As shown above, under the applicable standard
of review, the evidence is legally insufficient to support a finding by the
jury of any damage under question 4 of the jury charge.  Accordingly, this
court should overrule Downing’s sole issue as appellant and affirm the trial
court’s JNOV as to Downing’s defamation claim.

II.  Even if the trial court had erred in granting
judgment notwithstanding the verdict on the defamation claim, this court could
not remand for a new trial on the defamation claim.

            The majority concludes that the trial
court erred in granting a JNOV as to the defamation claim, reverses this
judgment, and remands for a new trial on the defamation claim.  Even if the
trial court had erred as the majority concludes, remanding for a new trial is
not a proper remedy for such an error.   Texas Rule of Appellate Procedure
38.2(b) states as follows:

(b) Cross-Points.

 

(1) Judgment Notwithstanding the Verdict. When the trial
court renders judgment notwithstanding the verdict on one or more questions,
the appellee must bring forward by cross-point any issue or point that would
have vitiated the verdict or that would have prevented an affirmance of the
judgment if the trial court had rendered judgment on the verdict.  Failure to
bring forward by cross-point an issue or point that would vitiate the verdict
or prevent an affirmance of the judgment waives that complaint. Included in
this requirement is a point that: 

 

(A) the verdict or one or more jury findings have
insufficient evidentiary support or are against the overwhelming preponderance
of the evidence as a matter of fact; or 

 

(B) the verdict should be set aside because of improper
argument of counsel. 

 

(2) When Evidentiary Hearing Needed. The appellate court
must remand a case to the trial court to take evidence if: 

 

(A) the appellate court has sustained a point raised by the
appellant; and 

 

(B) the appellee raised a cross-point that requires the
taking of additional evidence. 

 

Tex. R. App. P. 38.2(b).  The purpose of this rule is
to require a final disposition of the case by the appellate court based upon the
appellate record, in cases in which a JNOV is erroneously rendered by the trial
court, and to order a remand only as to an appellate cross-point that requires
the taking of additional evidence.  See id.; Swink v. Alesi, 999
S.W.2d 107, 112 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  On appeal, the
Burnses have not asserted any cross-points; rather, they have asserted various
arguments as to why the trial court did not err in granting a JNOV.  In the
absence of any cross-points, the Burnses have waived any other objections to
rendition of judgment on the jury’s defamation findings.  See Tex. R.
App. P. 38.2(b).  Therefore, if the trial court erred in granting a JNOV as to
the defamation claim, then judgment must be rendered against the Burnses in the
principal amount of $42,770, based on the jury’s verdict.  See id.; Swink,
999 S.W.2d at 112.  Though this court could remand to the trial court for calculation
of interest and rendition of judgment based upon the jury’s defamation
findings, this court cannot remand for a new trial on the defamation claim.  See
Holman Street Baptist Church v. Jefferson, 317 S.W.3d 540, 550 (Tex.
App.—Houston [14th Dist.] 2010, pet. denied); Swink, 999 S.W.2d at 112. 
In fact, on appeal Downing has not requested a new trial or a remand for
rendition.  Instead, Downing has requested that this court reverse the trial
court’s JNOV and render judgment on the jury’s verdict.

            The Burnses’ appellate issues lack merit,
except for their challenge to the sufficiency of the evidence to support the
jury’s damage finding regarding the tortious-interference claim.  It is proper
to reverse the trial court’s judgment regarding the tortious-interference claim
and to remand for a new trial on that claim only.  This error affects only the
tortious-interference claim.  As stated above, the evidence is legally
insufficient to show that any defamatory statements proximately caused Downing
any damage.  In addition, Downing has not requested a new trial regarding the
defamation claim, which has been fully litigated to a jury verdict.  Either
Downing should take nothing on the defamation claim (as asserted in this
dissenting opinion) or no reason has been shown why Downing should not have
judgment on the jury’s defamation findings (under the majority’s analysis).  In
either event, remanding only the tortious-interference claim for a new trial is
not unfair to the parties.  See Tex. R. App. P. 44.1(b) (allowing remand
for new trial as to part of the case based upon error in the judgment that
affects a part of the case that is separable without unfairness to the
parties).  Though the majority relies upon Rule 44.1(b), it cites no cases
holding that a claim should be remanded for a new trial under that rule even
though the claim has been fully litigated and the record shows that the trial
court should have rendered judgment on the jury’s verdict regarding that
claim.  Under precedent from this court, the proper remedy for any error by the
trial court in granting JNOV is rendition of judgment on the jury’s verdict,
not a remand for retrial.  See Holman Street Baptist Church, 317
S.W.3d at 550; Swink, 999 S.W.2d at 112.  

III.  Conclusion

            No party objected to the trial court’s
charge regarding defamation damages, and the trial court charged the jury on
defamation per quod, not defamation per se.  Therefore, this
court cannot reverse the trial court’s JNOV under the theory of defamation per
se.  Under the trial court’s charge, the evidence is legally insufficient
to support a finding that the Burnses’ defamatory statements proximately caused
Downing any damages, and the trial court did not err in granting a JNOV.  But,
there is error in the judgment regarding the tortious-interference claim that
requires reversal and remand for a new trial on that claim.  Accordingly, this
court should sever, reverse, and remand the tortious-interference claim for a
new trial, and affirm the remainder of the trial court’s judgment.  Because it
does not, I respectfully dissent.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel
consists of Chief Justice Hedges and Justices Frost and Christopher. (Christopher,
J., majority).

 









[1]
In this opinion it is presumed that, under a liberal construction of Downing’s
petition, it was sufficient to allege defamation per se.  Nonetheless,
there is no allegation that the statements were defamatory per se or
that damages should be presumed.  





[2] After the Burnses sought judgment notwithstanding the
verdict and asserted that the evidence is legally insufficient to support the
jury’s finding of defamation damages, Downing argued for the first time that
the statements were defamatory per se.  Downing has made these arguments
on appeal as well, but these arguments are too late to have any effect on how
this court reviews the jury’s finding. See  Osterberg v. Peca, 12 S.W.3d
31, 55 (Tex. 2000); Hirschfeld Steel Co. v. Kellogg Brown & Root, Inc.,
201 S.W.3d 272, 283B86 (Tex. App.—Houston [14th Dist.] 2006, no. pet.). 
Though the appellees in Hines did not argue a defamation per se
theory after the jury verdict or on appeal, if they had done so it would not
have changed this court’s analysis.  See Osterberg, 12 S.W.3d at 55; Hines,
252 S.W.3d at 501–04; Hirschfeld Steel Co., 201 S.W.3d at 283B86.  





[3]
The majority correctly points out that the damage question was not limited to a
specific type of damages, such as mental anguish or damage to reputation.  But
this general nature does not change the requirement in the question that
Downing prove damages proximately caused by the defamatory statements.  





[4]
Downing’s other employer (Sima Dalvandi) also terminated Downing’s employment,
but there is no evidence that Dalvandi was aware of the Burnses’ defamatory
statements or their threats to sue anyone who hired Downing.