ACCEPTED
07-14-00442-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
4/29/2015 12:45:42 PM
Vivian Long, Clerk

**NO. 07-14-00442-CV**

_____

**IN THE COURT OF APPEALS
SEVENTH DISTRICT OF TEXAS**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

4/29/2015 12:45:42 PM

VIVIAN LONG
CLERK

_____

**FERMINE LOPEZ**

**Appellant**
**vs.**

**Norma Bailon**

**Appellee**

_____

**On Appeal From the
14th Judicial District Court
Dallas County, Texas**

_____

**APPELLEE'S BRIEF**

_____

Michael Burns
State Bar No. 03447980
P.O. Box 992
Allen, Texas 75213
Phone: (214) 354-1667
E-mail: mikburns@sbcglobal.net
**Attorney for Appellee**

**ORAL ARGUMENT IS NOT REQUESTED**

i

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**

Fermine Lopez - Dallas, Texas

**Counsel for Appellant**

T. RICK FRAZIER Texas
Texas Bar No. 07406500
2591 Dallas Parkway, Suite 300
Frisco, Texas 75034-8563
(972) 661-3288
(469) 269-3989 fax
Email – trickfrazier@mac.com

**Appellee**

Norma Bailon - Dallas, Texas

**Trial and Appellate Counsel for Appellee**

MICHAEL BURNS
Texas Bar No. 03447980
P.O. Box 992
Allen, Texas75013
(214) 354-1667
Email- mikburns@sbcglobal.net

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL …………………………………………………… . ii

TABLE OF AUTHORITIES………………………………………………………………... iv

STATEMENT OF THE CASE……………………………………………………….. .. 1

ORAL ARGUMENT………………………………………………………………………... 1

STATEMENT OF FACTS……………………………………………………………………1

SUMMARY OF ARGUMENT……………………………………………………………... 3

ARGUMENT AND AUTHORITES…………………………………………………………… 4

PRAYER…………………………………………………………………………………..18

CERTIFICATE OF COMPLIANCE…………………………………………………………. .19

CERTIFICATE OF SERVICE………………………………………………………………... 19

APPENDIX…………………………………………………………………………………. 20

# TABLE OF AUTHORITIES

**Cases**

*American Nat'l Petroleum Co. v. Transcontinental Gas Pipe Line Corp.*,
798 S.W.2d 274 (Tex. 1990)......................................................................................7

*Arias v. Brookstone*, *L.P.*,
 265 S.W.3d 459, 468 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) .............6

*Arthur Andersen & Co. v. Perry Equip. Corp.*,
945 S.W.2d 812 (Tex.1997)......................................................................................18

*Barry v. Jackson*,
 309 SW 3d 135 (Tex. App- Austin 2010)...................................................................7

*Catalina v. Blasdel*,
881 S.W.2d 295 (Tex. 1994).......................................................................................4

*Chung v. Lee,*
193 S.W.3d 729 (Tex. App., 2006).............................................................................8

*City of Keller v. Wilson*,
 168 S.W.3d 802 (Tex. 2005)...................................................................................5, 6

*Insurance Alliance v. Lake Texoma Highport, LLC*
452 S.W.3d 57 (Tex. App. Dallas 2014) ..................................................................16

*Jackson v. Biotectronics, Inc.*,
937 S.W.2d 38 (Tex.App.-Hous. (14 Dist.), 1996) .................................................17

*Jarvis v. Rocanville Corp.,*
*298 S.W.3d 305* (Tex. App. 2009) ..........................................................................18

*Johnson v. Structured Asset Servs., LLC*,
148 S.W.3d 711(Tex.App.-Dallas 2004, no pet.) ...................................................13

*Johnston v. McKinney Am., Inc.*,
 9 S.W.3d 271 (Tex.App.-Houston [14th Dist.] 1999, pet. denied)........................12

*Mack Trucks, Inc. v. Tamez*,
206 S.W.3d 572 (Tex. 2006)...............................................................................16

*McGinty v. Hennen*
372 S.W.3d 625(Tex. 2014)...............................................................................16

*Merrell Dow Pharm., Inc. v. Havner*,
 953 S.W.2d 706 (Tex. 1997)...............................................................................5

*O'Farrill Avila v. Gonzalez*,
 974 S.W.2d 237 (Tex.App.-San Antonio, 1998.....................................................6, 8

*Man Engines & Components, Inc. v. Shows,*
434 S.W.3d 132, 57 Tex. Sup. Ct. J. 661 (Tex., 2014)...........................................11

*Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.,*
391 S.W.3d 596 (Tex. App.—Houston [14th Dist.] 2012, no pet.).........................8

*Partners v. the Prudential Ins. Co. of Am.*,
 341 S.W.3d 323, 54 Tex. Sup. Ct. J. 822 (Tex., 2011).........................................12

*Product Supply v. Marlin Leasing Corp.*
(Tex. App Corpus Christi-Edinburg 2013)...............................................................8

*Quigley v. Bennett*,
227 S.W.3d 51 (Tex. 2007)...................................................................................8

*Sage Street Assoc. v. Northdale Constr. Co.*,
863 S.W.2d 438 (Tex.1993)...................................................................................6

*Sullivan v. Abraham*,
2014 Tex. App. LEXIS 11319 ...............................................................................17

*Texas South Rentals, Inc. v. Gomez*,
267 S.W.3d 228 (Tex. App Corpus Christi-Edinburg 2008)..................................10

*Whatley v. City of Dallas*,
758 S.W.2d 301(Tex.App.-Dallas 1988, writ denied)............................................13

## Statutes

Tex. Civ. Prac. & Rem. Code §27.009(a)(1) ........................................................17
Tex. Civ. Prac. & Rem Code § 37.009……………………………………………17
Tex. Civ. Prac. & Rem. Code §38.001(8)........................................................4, 17

## Rules

Tex. R. Civ. P. 67.................................................................. 4, 6, 7, 15
Tex. R. Civ. P. 90.................................................................. 4, 6, 7, 15
Tex. R. Civ. P. 94.................................................................10
Tex. R. Civ. P. 95.................................................................10

## STATEMENT OF THE CASE

Appellee agrees with the appellant's version of the statement of the case.

## STATEMENT OF ORAL ARGUMENT

Appellee Norma Bailon does not request oral argument because the facts, issues on appeal and applicable law are of a nature that can be sufficiently presented to the Court in the briefs of the parties.

## STATEMENT OF FACTS

The Plaintiff and the Appellee in this case is Norma Bailon. The Defendant and Appellant is Fermin Lopez. Ms. Bailon and Mr. Lopez executed a commercial lease for property owned by Mr. Lopez which Ms. Bailon intended to use as a bar. (RR 13) The lease stated that the term started on February 1, 2011 and was supposed to have ended on January 31, 2014. (RR 13, 44-50) The lease also provided that the property was to be used as "Bar, Lounge or Tavern". (RR 45) The monthly rent under the lease was $3300 per month which was due on the first day of each month. (RR 13, 44) The lease stated that the amount required for a security deposit was "0" and did not provide for late charges if the rent was not paid on time. (RR 18, 46)

Prior to executing the lease Ms. Bailon advised Mr. Lopez that she intended to use the property to operate a bar and Mr. Lopez represented to Ms. Bailon that the building was set up to operate for a bar. (RR 13) Ms. Bailon took possession of the

1

property close to February 3, 2011. (RR 13) When she took possession of the property, she was unable to use the property as a bar because she was not able to obtain the necessary permits or certificate of occupancy from the city (Dallas) that were required to able use it for that purpose because the electrical and plumbing systems were deficient, the property needed sprinklers for fire protection and handicap facilities in the bathroom. (RR 14, 15, 22)

From February 2011 to the end of August 2011, Ms. Bailon hired and paid contractors to make the necessary improvements to the property in order to obtain the permits and certificate of occupancy that was required to open her bar. (RR 16) She opened the bar for business on September 15, 2011. (RR16)  Ms. Bailon paid the following amounts in construction expenses:

- $5,377.95 to Home Depot (RR 21, 71, 77-110);

- $1500 to a contractor named Sixtos Vasquez for electrical work (RR 21, 70, 73);

- $1,900 to an individual named Martin Laza for air conditioning equipment repair (RR 21, 70, 73);

- $359.39 to a company called the "Lightning Guy" for lighting (RR 21, 22, 70, 74, 75);

- $500 to an individual named Caslito Aulia electrical work (RR 22, 70, 76);

- $398 for replacement of thermostats (RR 22, 70, 77);

2

- $1,175 for installation of fire sprinklers (RR 22, 23, 112).

Ms. Bailon continued to pay rent to Mr. Lopez during the time she unable to operate her bar. From February 1, 2011 to September 15, 2011, she paid a total of $21,450 in rent. (RR 16, 54) October 2012 was the final full month of the lease because Mr. Lopez's lender foreclosed on the property and terminated the lease. (CR 7) (RR 7, 10, 11) That was the last month that Ms. Bailon paid a full month's rent. Ms. Bailon had paid Mr. Lopez $3,300 for the last month's rent on January 3, 2011 and also paid $3,300 for the October 2012 rent on October 3, 2012. (RR 54, 55, 57)

Ms. Bailon also paid Mr. Lopez the following:

- $2,050 in late charges and $6,600 for a security deposit (RR 18, 19, 59-63);

- $6,800 for a construction expense (RR 19, 66);

- $20,000 for a sale of a business (RR 19, 20, 68).

## SUMMARY OF ARGUMENT

The judgment of the trial court should be affirmed on several grounds. First, all of the evidence offered by Ms. Bailon and admitted by the trial court was uncontroverted and undisputed by Mr. Lopez. Second, even though Mr. Lopez claims that breach of the lease alleged in the Amended Petition was not the proper legal theory for the recovery of the damages entered against him by the trial court,

3

he has waived those issues in this appeal under Tex. R. Civ. P. 67 and Tex. R. Civ. P. 90 because he failed to object or raise the issue to the trial court.

Third, the judicially recognized purpose for damages in a breach of contract case is to compensate Ms. Bailon for any damages she sustained as a result of Mr. Lopez's breach of the lease. The damages for the rent payments, late charges, security deposit, the construction expense, sale of the business and repair costs awarded by the trial court are supported by uncontroverted evidence in the record and are proper compensatory damages under Texas contract law. Finally, the attorney fees awarded to Ms. Bailon are supported by undisputed evidence in the record and awarded on the broad discretion of the trial court under Tex. Civ. Prac. & Rem. Code §38.001(8).

## ARGUMENTS AND AUTHORITIES

## LEGAL AND FACTUAL SUFFICIENCY STANDARD

Mr. Lopez is challenging the judgment entered by the trial court on legal and factual sufficiency grounds. The case was tried as a bench trial rather than a jury trial. A trial court's findings are reviewable for legal and factual sufficiency of the evidence under the same standards are in a jury trial. *Catalina v. Blasdel*, 881 S.W.2d 295 (Tex. 1994). Mr. Lopez did not offer any evidence at all in the case let alone any evidence in his favor. Consequently, all of the evidence that Ms. Bailon offered, was admitted by the court and was uncontroverted and undisputed.

4

The standard in a legal sufficiency, or "no-evidence" review, is whether the evidence would enable reasonable and fair-minded people to reach the verdict under review. Under this review, favorable evidence is given credit if a reasonable fact-finder could do so and contrary evidence is disregarded unless a reasonable fact-finder could not disregard it. The evidence is considered in the light most favorable to a finding under review and every reasonable inference that would support it is used. *City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005)

A no evidence contention should only be sustained if (1) the record reveals a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson* at 810; *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). Anything more than a scintilla of evidence is legally sufficient to support a finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

In reviewing a factual sufficiency challenge, a judgment should only be set aside if it is so "contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Arias v. Brookstone*, L.P., 265 S.W.3d 459, 468 (Tex. App.—Houston 2007, pet. denied)

5

Ms. Bailon was the only witness in the case except for her attorney on the issue of the attorney fees. The trial court, as the fact-finder, was the sole judge of Ms. Bailon's credibility. This Court should assume that the trial court decided any question of Ms. Bailon's credibility in favor of the judgment. *City of Keller*, 168 S.W.3d at 819.

## TEXAS RULES OF CIVIL PROCEDURE 67 AND 90

Mr. Lopez makes several contentions in his argument that the damages leveled against him by the trial court were incorrect because they were not supported by the breach of the lease theory of liability in the Amended Petition. Mr. Lopez is not permitted to raise these issues on appeal because he did not raise them at the trial level.

Under Tex. R. Civ. P. 90 any defects in the pleadings in a bench trial are waived unless they are specifically pointed out to the trial judge before judgment is signed. Likewise, Tex. R. Civ. P. 67 provides that when issues not raised by the pleadings are tried by the consent of the parties, the pleadings are amended to conform to the evidence. *O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237 (Tex. App.-San Antonio, 1998). *Sage Street Assoc. v. Northdale Constr. Co.*, 863 S.W.2d 438, 449 n. 13 (Tex.1993).

The record on appeal does not contain any objection by Mr. Lopez at the trial level relating to any of the evidence admitted by the trial court. Consequently, he is

6

prevented from raising any defect in the pleadings as an issue in this appeal by Tex. R. Civ. P. 90 and Tex. R. Civ. P. 67.

## BREACH OF LEASE AND DAMAGES

Mr. Lopez contends that none of the damages the trial court awarded to Ms. Bailon for rent, late charges, construction expenses and the "sale of business" expense that she paid to Lopez and the repairs she made to the property are proper under a breach of the lease theory.

The general rule in a breach of contract case is that the damages should put a plaintiff in the same economic position that he or she would have been in had the contract not been breached. See *American Nat'l Petroleum Co. v. Transcontinental Gas Pipe Line Corp.*, 798 S.W.2d 274, 278 (Tex. 1990). *Barry v. Jackson*, 309 SW 3d 135 (Tex. App- Austin 2010). The goal in measuring damages for a breach of contract claim should be to provide "just compensation for any loss or damage actually sustained as a result of the breach." *Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.,* 391 S.W.3d 596, 607 (Tex. App.- Houston 2012, no pet.). *Product Supply v. Marlin Leasing Corp.* (Tex. App Corpus Christi-Edinburg 2013).

Damages for breach of contract protect three distinct interests. One is a restitution interest. Another is a reliance interest. The third is an expectation interest. In order to put a party in the same position he or she would have been if the breach had not occurred, each of these interests must be protected. *O'Farrill Avila v.*

7

*Gonzalez*, 974 S.W.2d 237 (Tex. App.-San Antonio, 1998) If a party makes a substantial investment in performing a contract, that party is entitled to have that investment returned. *Chung v. Lee,* 193 S.W.3d 729 (Tex. App. 2006). Restitution damages restore what the plaintiff has conferred on the defendant. *Quigley v. Bennett*, 227 S.W.3d 51 (Tex. 2007).

### A. **The "Unauthorized" Charges**

Mr. Lopez questions how he could liable for breaching the lease by charging Mr. Bailon for the following amounts if these charges were not included in the lease:

- Security deposit: $6600;

- Late charges: $2050;

- Construction Expense: $6,800;

- Purchase price for the "sale of the business": $20,000.

Mr. Lopez does not dispute that he charged Ms. Bailon for the late charges even though the lease did not provide for it nor does he dispute that Ms. Bailon paid the charges or that he kept the $2050 paid by Ms. Bailon. (CR 18)

Mr. Lopez also does not dispute that the lease contained a provision that provided that the security deposit was "0" yet Mr. Lopez charged, and Ms. Bailon paid, $6,600 for a security deposit. (RR 18, 19, 45, 65-67) Mr. Lopez contends that since receipt for the $6,600 security deposit was dated before the lease, the lease reflected "0" for the security deposit since it had already been paid. Mr. Lopez also

8

contends that since the lease does not contain a provision for the sale of business charge or the construction expense, there must have been a separate agreement between Lopez and Bailon to justify these charges.

There is absolutely nothing in the trial record to support either of these presumptions. Mr. Lopez ignores the fact that paragraph 30 of the lease states that the lease is the "Final Agreement" between he and Ms. Bailon and that the lease "supersedes all prior understandings or agreements on the subject matter". (RR 52)

The undisputed evidence at the trial was that Ms. Bailon paid these charges because Lopez instructed her to pay them because she owed them under the lease. (RR 18- 20) Consequently, either Lopez was outright lying when he told Bailon that the charges were covered in the lease or he legitimately thought that the charges were included in the lease.

Regardless of whether these charges were expressly provided for in the lease, the unrebutted evidence shows that both Ms. Bailon and Mr. Lopez considered them part of the lease and that Ms. Bailon paid them to Mr. Lopez and that Mr. Lopez accepted them. Consequently, they are proper damages under Texas contract law.

## Voluntary Payment Rule

Mr. Lopez tries to justify keeping the payments Ms. Bailon made for the late charges, security deposit, sale of business expense and construction expense under the voluntary payment rule. The voluntary payment rule is not applicable to this case.

9

It is affirmative defense to a claim for restitution under an unjust enrichment theory of liability. *Texas South Rentals, Inc. v. Gomez*, 267 S.W.3d 228 (Tex. App Corpus Christi-Edinburg 2008)

Mr. Lopez did not allege the voluntary payment rule as an affirmative defense in his answer. The closest he came to it was alleging a defense of "payment" under Tex. R. Civ. P. 94 and Tex. R. Civ. P. 95. The defense of 'payment" is an affirmative defense to a claim on a debt, such as a promissory note, where a defendant contends that the debt has been paid. *Imperial Lofts, Ltd. v. Imperial Woodworks,* 245 S.W.3d 1 (Tex. App., 2007). This was not a suit on a debt by Ms. Bailon so the payment defense under Tex. R. Civ. P. 94 and Tex. R. Civ. P. 95 is not applicable. Since he did not raise the voluntary payment rule as a defense in the trial court, he cannot raise it now on appeal. *Man Engines & Components, Inc. v. Shows,* 434 S.W.3d 132, 57 Tex. Sup. Ct. J. 661 (Tex., 2014)

## Premises Suitability for its Intended Commercial Purpose

The undisputed testimony at the trial was that before the lease was executed, Ms. Bailon told Mr. Lopez that she intended to use the property to operate a bar and that Mr. Lopez represented to her that the property was set up for that purpose. (RR 13-14) Despite this, Mr. Lopez now contends that he was not required by the lease to have the property in condition for a bar operation so he should not be liable for

10

any of the $11,260.34 in expenses that Ms. Bailon incurred to bring the property up to code for a bar operation. (RR 72, 112).

Paragraph 28 of the lease provides:

> 28. Compliance with Law.
> Tenant shall comply with all laws, orders, ordinances and other public requirements now or hereafter pertaining to Tenant's use of the Leased Premises. Landlord shall comply with all laws, orders, ordinances and other public requirements now or hereafter affecting the Leased Premises.
> (RR 51-52).

Since Mr. Lopez was aware that the property was going to be used as a bar and represented to Ms. Bailon before she took possession that the property was ready for a bar operation, the language *"Landlord shall comply with all laws, orders, ordinances and other public requirements now or hereafter affecting the Leased Premises"* certainly created an express contractual obligation for Mr. Lopez to make sure the property was code compliant for a bar.

The undisputed evidence is that Ms. Bailon spent $10,085.34 in repair expenses (RR-73) and an additional $1,175 (RR 112) for fire equipment to bring the building up to code for bar operation when Mr. Lopez was contractually required to have the building code compliant.

Mr. Lopez contends that breach of the implied covenant of suitability may have been a more applicable theory of liability for Ms. Bailon. Under this theory, Mr. Lopez would have impliedly warranted that at the inception of the lease, there

11

were no latent defects in the property that were vital for its use as a bar. *Partners v. the Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 54 Tex. Sup. Ct. J. 822 (Tex. 2011).

This raises the application of the trial amendment of pleadings under Tex. R. Civ. P. 67 and the waiver of defects in pleadings under Tex. R. Civ. P. 90. When issues not raised by the pleadings are tried by express or implied consent of the parties, they are treated in all respects as if they had been raised in the pleadings. The rule applies when it appears from the record that the issue was actually tried but not pleaded. *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 281 (Tex. App.-Houston 1999, pet. denied).

An unpleaded issue is tried by consent when evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case and the issue was not objected to. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 719 (Tex.App.-Dallas 2004, no pet.). The trial court has broad discretion in determining whether an unpleaded issue was tried by consent. *Whatley v. City of Dallas*, 758 S.W.2d 301, 306 (Tex. App.-Dallas 1988, writ denied).

In this case, the testimony of Ms. Bailon regarding the condition of the property and the repairs she had to make was a primary issue. Mr. Lopez's cross examination of Ms. Bailon were questions concerning the repairs. (RR 24-30) If breach of the implied warranty of suitability was an applicable theory of liability in this case, Rule 67 allows the pleadings to be amended to cover this theory because

12

Mr. Lopez tried it by consent and he has waived any defect in the pleadings under Rule 90 by failing to make a proper objection.

## Forfeiture of Rent

Mr. Lopez contends that Ms. Bailon should not able to recover for the rent payments she made to him for the period of February 1, 2011 to September 15, 2011 (seven and one half months) when she could not operate her bar because she was bringing the property up to code. The monthly rent was $3,300. The total paid by Ms. Bailon was $24,750. (RR 16-18) The rent paid by Ms. Bailon that is documented by receipts in her Amended Business Record Affidavit was $15,900. This figure included $12,600 for the rent paid during February to September 2011 and a $3,300 overpayment for the October 2012 rent for a total of $15,900. In addition to the $15,900, the record contains uncontroverted testimony from Ms. Bailon that she paid rent of $8,850 in cash that Mr. Lopez did not give her a receipt for. (RR 18)

The term of the lease was supposed to be from February 1, 2011 to January 31, 2014(CR 44). The lease was terminated early, on November 6, 2012, when Mr. Lopez's mortgage lender, Viceroy Investments LLC, foreclosed on the property. Consequently, the last full month that Ms. Bailon paid rent to Mr. Lopez was for October 2012. The over payment occurred because Ms. Bailon paid the last month's rent on January 3, 2011 prior to the effective date of the lease (RR 55) and

also made a payment of $3,300 on October 3˙ 2012 for the October 2012 rent which was the last month that she occupied the property as a lessee. (CR 54, 57)

There is no testimony in the record by Ms. Bailon explaining the overpayment but there is documentation substantiating it in her Amended Business Record affidavit. (RR 54, 55) Although Ms. Bailon's testimony that she paid a total of $24,750 in rent for the period of February 1st to September 15, 2011 is not entirely accurate because the $3,300 overpayment is included in the $24,750, her testimony along with the Amended Business Affidavit constitute unrebutted evidence that the amount of rent she should not have had to pay and is entitled to recover from Mr. Lopez is a total of $24,750.

Ms. Bailon's legal basis for recovery of the $24,750 in rent falls under the primary purpose for contractual damages which is to put her back into the same position had Mr. Lopez not breached the lease. If the property had been code compliant for a bar operation at the commencement of the lease as Mr. Lopez had represented (and if Mr. Lopez would have not charged a double payment for the October 2012 rent), Ms. Bailon would not have had to pay rent for a building that she could not use (or pay a double payment).

Mr. Lopez also contends that the rent the trial court awarded Ms. Bailon is more of a breach of an implied warranty of suitability issue than a breach of contract issue. If that proposition has any validity then, again, it leads back to that these

14

issues were tried by the court with no objection form Mr. Lopez so either the pleadings were deemed amended under Tex. R. Civ. P. 67 to account for the implied warranty of suitability theory or Mr. Lopez has waived the issue under Tex. R. Civ. P. 90.

## New Air-Conditioning

Mr. Lopez questions the portion of the damages related to repair of the air conditioning system and states that the charge was for a new air conditioner. That is incorrect. The only charge relating to the air conditioning system was for $1,950 for repair, not replacement, of the air conditioner (RR 12, 70, 73). The evidence of this repair was uncontroverted.

This repair was one that Ms. Bailon had to make to get the property in condition to open her bar operation. In addition, the repair was covered in Paragraph 5 of the lease which provides that it was not Ms. Bailon's responsibility to repair "major mechanical systems". Since the air conditioning system was part of the "major mechanical" system for the property, Mr. Lopez was responsible for it. (RR 45).

## REASONABLNESS OF THE REPAIR DAMAGES

Mr. Lopez contends that Ms. Bailon was required to provide expert testimony that the repairs she made were reasonable and necessary. Neither of the cases cited by Mr. Lopez support this contention. The *McGinty v. Hennen* case stated that a

15

party seeking *remedial damages for breach of a construction contract* has to prove that *remedial damages* are "reasonable and necessary".

In *Insurance Alliance v. Lake Texoma Highport, LLC,* the issue was whether a lay witness testifying on the scope of coverage in an insurance policy was an expert or not. The Dallas Court of Appeals ended up ruling that expert testimony was not required on the issue the witness was testifying on and the jury could consider his testimony either way. The *Insurance Alliance* decision recognized the general rule that expert testimony is required only when an issue involves matters beyond a fact finder's common understanding. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572 (Tex. 2006).

Mr. Lopez has presented no authority which required that Ms. Bailon prove that the repairs she did were reasonable and necessary by expert testimony. It was proper for the trial court to consider her own unrebutted testimony as sufficient to establish the repair costs she incurred based on her own testimony and documentation evidence. See, *Jackson v. Biotectronics, Inc.*, 937 S.W.2d 38 (Tex.App.-Hous. 1996)

## <u>ATTORNEY FEES</u>

Mr. Lopez challenges the trial court's judgment for attorney fees on the grounds that Tex. Civ. Prac. & Rem. Code §38.001(8) requires recovery on a breach of contract claim for an award of attorney fees and that the record contains

16

insufficient evidence to justify the $9,075 amount that was awarded. Mr. Lopez is correct that Tex. Civ. Prac. & Rem. Code §38.001(8) requires recovery on a breach of contract claim for attorney fees to be awarded to the prevailing party. The trial court awarded Ms. Bailon attorney fees under §38.001(8) as the prevailing party so it can be implied that the trial court based it on a breach of the lease by Mr. Lopez. Unless the trial court's ruling is reversed on the breach of the lease, then the award should stand.

Mr. Lopez also contends that there is insufficient evidence in the record to support the attorney fees. However, the case that Mr. Lopez cites to support his position, *Sullivan v. Abraham*, 2014 Tex. App. LEXIS 11319 was decided under Tex. Civ. Prac. & Rem. Code §27.009(a)(1) and Tex. Civ. Prac. & Rem. Code §37.009 which contain a different standard for an award than Tex. Civ. Prac. & Rem. Code §38.001(8). As *Sullivan v. Abraham* recognized both §27.009(a)(1) and §37.009 qualify the recovery of attorney fees with language that "equity" has to be considered in an award. That consideration is not reflected in §38.001(8). The only qualification in §38.001(8) is that the fees have to reasonable.

Likewise, it is not required under §38.001(8) that a court have documentary evidence or testimony on the eight attorney fee factors cited in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997). When a case is tried as a bench trial, the trial court has the discretion on the amount of the

17

attorney fees. *Jarvis v. Rocanville Corp., 298 S.W.3d 305* (Tex. App., 2009). The record contains unrebutted testimony of Mr. Bailon's counsel that he spent thirty three hours on the case in court hearings, drafting pleadings, research, mediation and client consultation at the rate of $275 per hour. The trial court had the discretion to accept or reject the $9,075 amount. Since Mr. Lopez has made absolutely no showing that trial court abused its discretion, the award of attorney fees should be affirmed.

## **PRAYER**

Appellee Norma Bailon requests that this Court affirm the trial court's judgment in whole and award the costs of this appeal to the Appellee.

Respectfully submitted,

s/Michael Burns
State Bar No. 03447980
P.O. Box 992
Allen, Texas 75213
Phone (214) 354-1667
E-mail: mikburns@sbcglobal.net
Attorney for Appellee

18

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was produced on a computer using Microsoft Word 2013 and contains 4970 words, as determined by the computer software's word-count function excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

s/ Michael Burns

## CERTIFICATE OF SERVICE

I certify that a copy of this Appellee's brief was served on April 29, 2015 on Appellants counsel T. Rick Frazier as indicated:

email - trickfrazier@me.com

s/ Michael Burns

# **APPENDIX**

Tex. R. Civ. P. 67 …………………………………………………… 1

Tex. R. Civ. P. 90…………………………………………………….. 2

Tex. R. Civ. P. 94…………………………………………………….. 3

Tex. R. Civ. P. 95…………………………………………………….. 4

Tex. Civ. Prac. & Rem. Code §27.009………………………………….. 5

Tex. Civ. Prac. & Rem. Code §37.009………………………………….. 6

Rule 67 Amendments To Conform To Issues Tried Without Objection

## RULE 67. AMENDMENTS TO CONFORM TO ISSUES TRIED WITHOUT OBJECTION

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of questions, as is provided in Rules 277 and 279.

Rule 90 Waiver of Defects In Pleading

## RULE 90 WAIVER OF DEFECTS IN PLEADING

General demurrers shall not be used. Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account; provided that this rule shall not apply as to any party against whom default judgment is rendered.

Rule 94 Affirmative Defenses

**RULE 94. AFFIRMATIVE DEFENSES**

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists.

Rule 95 Pleas of Payment

## RULE 95. PLEAS OF PAYMENT

When a defendant shall desire to prove payment, he shall file with his plea an account stating distinctly the nature of such payment, and the several items thereof; failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof.

Sec. 27.009 Damages and Costs.

(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.

Sec. 37.009 Costs.

In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.