Ron Clark, Senior District Judge
Based on the jury's verdict, the court awarded $642,458.80 to Plaintiff Jimmy Williams and $25,000 to Plaintiff Rebecca Williams (the "Williams Plaintiffs"). Because the amounts that Plaintiffs Debra Morris, Ashley Morris, Amanda Morris Wright, Orlando Ordaz, and Roy McCollough (the "Group Plaintiffs") were each awarded by the jury were less than the amount they had each already received in settlements from others, the court applied the Texas settlement credit statutes ( TEX. CIV. PRAC. & REM. CODE §§ 33.012 & 33.013 ) and ordered in the Final Judgment that they take nothing. Now, Defendant Global Asset Protection Services LLC ("GAPS") asks the court to (1) enter costs of court against the Group Plaintiffs, and (2) vacate or, in the alternative, reduce the costs of court awarded to the Williams Plaintiffs for video and deposition transcripts of Aircon and Grecon personnel and experts. [Dkt. #332].
GAPS is imaginative in its argument, but not so bold as to dispute that the Williams Plaintiffs prevailed in this case. So, the Williams Plaintiffs are entitled to costs. The court rejects GAPS's vague complaints about certain costs and finds that the video and deposition transcripts of Aircon and Grecon personnel and experts *714 were necessarily obtained for use in the case.
As a matter of law, the Group Plaintiffs are also "prevailing parties" in spite of the fact that they received no award in the judgment. But, even if they are not, GAPS provided no evidence or argument that any of the costs awarded were costs that could have been recovered only by one or more of the Group Plaintiffs. So, the full cost bill must be paid by GAPS. Whether the funds go to counsel under a fee agreement because counsel advanced costs, or to the Williams Plaintiffs, or to all of the Plaintiffs is no concern of GAPS.
I. BACKGROUND
Plaintiffs Debra Morris, Ashley Morris, Amanda Morris Wright, Jimmy Williams, Rebecca Williams, Orlando Ordaz, and Roy McCollough brought negligence and gross negligence claims against Defendants Aircon Corporation, Grecon, Inc., Mid-South Engineering Company, and GAPS, for a fire and subsequent explosion at a plywood mill in Corrigan, Texas. Because the other Defendants settled their claims with Plaintiffs prior to trial, only Defendants GAPS and Grecon, Inc. proceeded to trial on October 16, 2017. The jury found for Plaintiffs and determined that GAPS was 5% negligent, and that its negligence was a proximate cause of Plaintiffs' injuries and damages, but that it was not grossly negligent. [Dkt. #305].
After the trial, the court ordered the parties to submit briefing on how the settlement credits should be applied to the jury verdict. In its briefing, Plaintiffs stipulated that as to the Group Plaintiffs, prior settlements exceed the total damages awarded by the jury and that a take-nothing judgment regarding the claims of those Plaintiffs should be entered. [Dkt. #324]. Subsequently, the court entered Final Judgment, which stated that "Plaintiffs Debra Morris, Ashley Bialowas, f/k/a Ashley Morris, Amanda Morris Wright, Orlando Ordaz, and Roy McCollough shall recover NOTHING of and from their claims against Defendant Global Asset Protection Services, LLC." [Dkt. #325 at 2]. The Final Judgment also stated that "costs of court are taxed to Defendant Global Asset Protection Services, LLC." [Dkt. #325 at 2].
Post Final Judgment, Plaintiff Jimmy Williams, on behalf of all Plaintiffs, and Defendant GAPS each filed a Proposed Bill of Costs. The Clerk of Court noted on the docket that Defendant GAPS's Proposed Bill of Costs was "filed in error" as Defendants GAPS must pay the Bill of Costs. [Dkt. #327]. The Clerk of Court subsequently entered a Bill of Costs and taxed $75,357.68 to Defendant GAPS. [Dkt. #328]. Defendant GAPS then filed its Motion to Review Clerk's Action and Enter Costs of Court. [Dkt. #332]. Plaintiffs timely responded. [Dkt. #337].
II. DISCUSSION
a. Plaintiffs are the "prevailing party."
Unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise, "costs-other than attorney's fees-should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). " Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." Pacheco v. Mineta , 448 F.3d 783, 793 (5th Cir. 2006). The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs" and that "denial of costs is in the nature of a penalty." Schwarz v. Folloder , 767 F.2d 125, 131 (5th Cir. 1985) (internal quotations and citations omitted).
"Prevailing party" is a legal term of art and defined as "a party in whose *715 favor a judgment is rendered, regardless of the amount of damages awarded." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res. , 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), citing Prevailing Party , BLACK'S LAW DICTIONARY (7th ed. 1999) (internal quotations and citations omitted). Rule 54(d)(1) "unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular." Shum v. Intel Corp. , 629 F.3d 1360, 1367 (Fed. Cir. 2010) ; Mobile Telecomm. Tech., LLC v. Samsung Telecomm. Am., LLC , No. 2:13-cv-259-RSP, 2015 WL 5719123, at *1 (E.D. Tex. Sept. 28, 2015) ("For purposes of costs and fees, there can be only one winner.") (quoting Shum , 629 F.3d at 1367 ) (internal quotation marks omitted). To qualify as a prevailing party, "[t]he plaintiff must obtain an enforceable judgment ... or comparable relief through a consent decree or settlement." Farrar v. Hobby , 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). A court must look at the case as a whole to determine the prevailing party. Fogleman v. ARAMCO , 920 F.2d 278, 285 (5th Cir. 1991). Although the district court has discretion to decline awarding costs to the prevailing party, Rule 54(d) does not provide the court with power to award costs to the non-prevailing party. Three-Seventy Leasing Corp. v. Ampex Corp. , 528 F.2d 993, 998 (5th Cir. 1976).
Defendant GAPS argues that the Group Plaintiffs did not prevail, and thus cannot recover costs, because the Final Judgment stated they "shall recover NOTHING of and from their claims against Defendant Global Asset Protection Services, LLC." [Dkt. #325]. Specifically, Defendant GAPS argues that "[a] zero on damages necessarily zeros out 'prevailing party' status " and that "Texas courts ... have held that a plaintiff who takes nothing as a result of settlement credits is not a prevailing party." [Dkt. #332 at 3] (original emphasis and alternations).
Defendant GAPS's argument is misplaced and its assertions are overbroad. First, as courts have repeatedly recognized, for purposes of costs and fees, "prevailing party" is a singular term. Here, the prevailing party is "the plaintiff."[1] It is undisputed that the Williams Plaintiffs prevailed. Yet Defendant GAPS requests that the court conduct a piecemeal analysis of the Plaintiffs to determine who is the "prevailing party." Evidently the court should then apply an undescribed pro rata calculation to determine costs to be awarded to each "prevailing party." Defendant GAPS provides no legal authority-nor does the court know of any legal authority-that supports such an analysis and determination.
Second, even if such a piecemeal analysis is permissible, the Group Plaintiffs still prevailed in their own right. Defendant GAPS's reliance on Merritt Hawkins Assocs., LLC v. Gresham , 861 F.3d 143 (5th Cir. 2017), for the assertion that if a party receives zero damages then it cannot be the prevailing party misses the mark. In Gresham , the jury found for plaintiff on its breach of contract claims but declined to award damages for those claims. Because the Gresham plaintiff did not obtain monetary or equitable relief, the district court declined to award it attorneys' fees. Unlike the Gresham plaintiff, the Group Plaintiffs here did obtain monetary relief-in the form of their settlement. See Maher v. Gagne , 448 U.S. 122, 129, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980) ("The fact that respondent *716 prevailed through a settlement rather than through litigation does not weaken her claim to fees.").
Further, Defendant GAPS's assertion that "Texas courts ... have held that a plaintiff who takes nothing as a result of settlement credits is not a prevailing party" is overbroad. The case Defendant GAPS cites for this proposition, Hamra v. Gulden , 898 S.W.2d 16 (Tex.App.-Dallas 1995, writ dism'd w.o.j.), is specific to the Texas Deceptive Trade Practices Act ("DTPA") and inapplicable here. Generally, a party does not need to obtain a net recovery to prevail under the DTPA. Id. at 19. However, net recovery is required in a DTPA case "in which a consumer has already received payment of an amount equal to or greater than the damages found by the fact finder in the trial of the consumer's case against the non-settling defendant." Id. In Hamra , plaintiff consumer settled with a defendant for $8,000 and obtained a jury award of $7,500 from the non-settling defendant. The Court of Appeals held the trial court erred when it awarded the Hamra plaintiff attorneys' fees because the plaintiff did not "prevail" under the pertinent provisions of the DTPA.[2] Even if Texas law controls the award of costs in this federal court, the Texas DTPA was not an issue in this trial. And, the court is not aware of any Texas case that applies a similar net recovery requirement for tort claims-nor has GAPS provided such legal authority.
GAPS had the opportunity to place the risk of paying costs on Plaintiffs. See FED. R. CIV. P. 68. GAPS chose not to do so, and is in no position to now ask this court to shift costs under federal procedural rules or case law or to craft a new cost shifting mechanism by analogy to State law.
Finally, Defendant GAPS's general, broad objections seeking an unspecified reduction in the amount of costs cannot overcome the presumption of validity applied to the costs Plaintiffs claim in their Proposed Bill of Costs. [Dkt. #326]. A & J Elec. Cable Corp. v. Emerson Network Power, Inc. , No. H-10-2361, 2013 WL 1290938, at *2 (S.D. Tex. Mar. 26, 2013) ("Without specific objections, [a party's claimed] costs are presumed valid."). See generally , FED. R. EVID. 103(a)(1)(B). At best-in a footnote-Defendant GAPS objects to two specific costs: Francesco Magnavita's deposition and Scott Ewing's deposition. Defendant GAPS argues, without supporting evidence, that these depositions were unnecessary because (1) Mr. Magnavita allegedly started working for GAPS after the deflagration; and (2) Scott Ewing, the Senior Vice President of America's Engineering Leader, allegedly had no personal involvement with the Corrigan mill and was "so irrelevant that Plaintiffs' counsel merely appeared via video to question the witness for less than one hour." [Dkt. #332 at n.2]. But relevance of testimony is not measured by the prolixity of the attorney taking the deposition.
Defendant GAPS's contentions fail to provide the court with meaningful information as to why these depositions were not "necessarily obtained for use in the case," as required by 28 U.S.C. § 1920, or how the substance of the depositions was not "relevant to any party's claim or defense," as defined by Federal Rule of Civil Procedure 26(b). The mere fact that Mr. Magnavita started working for GAPS after the deflagration does not mean he did not possess discoverable information that is relevant to Plaintiffs' claims or Defendant's defenses. Likewise, the fact that Mr. *717 Ewing was not personally involved at the Corrigan mill does not mean he was not substantially involved with the company in another aspect that might be relevant to parts of the case. Without more, Defendant GAPS's footnote objection to depositions of Mr. Magnavita and Mr. Ewing fails to provide the court with any meaningful information to determine that their costs should not be permitted under 28 U.S.C. § 1920.
b. GAPS must pay for Aircon and Grecon witnesses' transcript and video costs.
Defendant GAPS argues that it would be inequitable to award the Williams Plaintiffs the costs of several Aircon and Grecon personnel depositions and video transcripts because those depositions pertained to the Williams Plaintiffs' case against Aircon and Grecon, not GAPS. It further contends that "it would be inequitable to tax costs related to other defendants where Grecon capped its exposure for a joint and several share of the costs of court through an undisclosed High/Low Settlement Agreement." [Dkt. #332 at 8]. The Williams Plaintiffs contend that even if GAPS had been the only defendant, those depositions would have been necessary "to develop a complete evidentiary record." [Dkt. #337].
The standard for what a prevailing party may recover under 28 U.S.C. § 1920 is whether the video or deposition was "necessarily obtained for use in the case"-not whether it is inequitable to tax those costs against the non-prevailing party. 28 U.S.C. § 1920(2). Deposition costs are taxable "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery." Fogleman v. ARAMCO (Arabian American Oil Co.) , 920 F.2d 278, 286 (5th Cir. 1991).
Here, the Aircon and Grecon depositions could reasonably be expected to be used for trial because the jury was required to find proportionate responsibility for each defendant. Further, Defendant GAPS cannot deny that part of its defense strategy was to shift blame away from itself and toward other defendants, including Defendants Grecon and Aircon. For instance, Defendant GAPS specifically argues in the Joint Final Pretrial Order that "any design issues contributed to the deflagration ... were the responsibility of the dust collection system's engineers, Mid-South Engineering and Aircon Corporation." [Dkt. #253 at 3]. The court finds that the depositions of Grecon and Aircon personnel, were necessarily obtained for use in the case by the Williams Plaintiffs to rebut Defendant GAPS's efforts to blame other defendants and to prove proportionate responsibility. The Williams Plaintiffs are entitled to costs for video and deposition transcripts of Aircon and Grecon witnesses and experts.
c. "Taxed to" means GAPS is responsible for paying costs of court.
Defendant GAPS argues that it should be awarded costs because the Final Judgment stated that "costs of court are taxed to Defendant Global Asset Protection Services, LLC." GAPS devotes several pages to the contention that "taxed to" means it is entitled to costs. GAPS mischaracterizes Sheets v. Yamaha Motors Corp., USA , 891 F.2d 533, 539-40 (5th Cir. 1990), the case it repeatedly cites for the assertion that "[t]axing costs 'to' a party has a different meaning than taxing costs 'against' a party under Fifth Circuit law." [Dkt. #332 at 5; Dkt. #340 at 4].
When analyzing costs of court, the Sheets court noted that Federal Rule of Civil Procedure 54(d) creates a strong presumption that the prevailing party be awarded costs, but a district court may exercise its discretion and refuse to do so *718 if it provides justification for its refusal. Id. Nowhere in the opinion does the Sheets court analyze the difference between "taxed to" and "taxed against," much less hold that "[t]axing costs 'to' a party has a different meaning than taxing costs 'against' a party under Fifth Circuit law." The court rejects GAPS implied argument that "costs are taxed to Defendant" in the judgment is synonymous with "costs are given to Defendant," or "costs are awarded to Defendant."
To the extent necessary, the court clarifies its intent: "taxed to Defendant Global Asset Protection Services, LLC" in the judgment means "taxed against Defendant GAPS," or in other words, "Defendant GAPS shall pay the costs of court."
IT IS THEREFORE ORDERED that Defendant GAPS's Motion to Review Clerk's Action and Enter Costs of Court [Dkt. #332] is DENIED.
So ORDERED and SIGNED June 27, 2019.

This court is not going to indulge in analysis of hypotheticals involving parties with competing claims, counter-claims and/or cross-claims who achieve a mixed bag of results. Here GAPS neither asserted, nor obtained judgment for, any counter-claim.

Under the DTPA, attorneys' fees and costs of court are treated separately. See Tex. Bus. & Com. Code § 17.50(d).